668 P.2d 910

The STATE of Arizona, Appellee,

v.

**Eduardo Y. MORALES, Appellant.**

**No. 2 CA–CR 2821.**

Court of Appeals of Arizona,
Division 2.

Feb. 8, 1983.

Rehearing Denied April 29, 1983.

Review Denied June 23, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Diana S. Campbell, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal from an order revoking appellant's probation and sentencing him to a prison term of not less than five nor more than seven years on the original 1977 conviction of unlawful possession of marijuana.

The amended petition to revoke alleged ten violations of the conditions of probation. An extensive hearing was held and the trial court dismissed six and found that appellant had committed four violations of the following condition: "You shall not associate with undesirable persons (convicted criminals or others who you know might lead you to violation of the law), without permission of your Probation Officer . . . ."

Appellant attacks the admissibility of certain evidence, the sufficiency of the evidence, the constitutionality of the above-quoted condition, and the length of the sentence imposed. We affirm.

Our review of the record discloses that the evidence pertaining to two of the allegations was not sufficient to show that appellant had "associated" with the named individuals. As to Warren Dittrich, the only evidence was a letter to appellant from Dittrich written from a Los Angeles jail, and a response letter from appellant. As to Laddie Dittrich, the only evidence presented was that a vehicle belonging to Dittrich's girlfriend, whom he subsequently married, was observed outside of appellant's residence on one occasion.

The term "associate" means more than incidental contacts. See *Arciniega v. Freeman,* 404 U.S. 4, 92 S.Ct. 22, 30 L.Ed.2d 126 (1971). It means " 'to join often, in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally.' " *DiMarco v. Greene,* 385 F.2d 556 (6th Cir. 1967); *Sponick v. City of Detroit Police Department,* 49 Mich.App. 162, 211 N.W.2d 674 (1973). We find the evidence as to both

Dittrichs, and any logical inferences therefrom, shows no more than incidental contact and falls short of "association."

■ It was proven, however, that in July 1982 appellant associated with Gene Cotter since Cotter was living at appellant's home and was arrested there. Appellant's association with Larry Tinker Toddy was also proven by evidence that he had traveled to Nebraska to be Toddy's best man at his wedding and had visited him at his Tucson residence in April 1980.

We agree with the trial court that allegations three and seven were proven. Since revocation of probation was properly supported by proof of these two charges, the insufficiency of the evidence as to allegations four and five does not invalidate the revocation. *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975).

■ We do not agree with appellant that the condition which prohibits his association with undesirable persons whom he knew might lead him to violate the law did not give him fair warning of the conduct it proscribed. *Sponick v. City of Detroit Police Department,* supra.

■ We find no basis for disturbing the sentence imposed by the trial court. The original 1977 presentence report shows that appellant's association with convicted persons was the root of his problem. His continued association, despite the condition prohibiting it, would support the conclusion that appellant was not striving to reform. Appellant contends that under the new criminal code, unlawful possession of marijuana is a class 6 felony, A.R.S. § 13–3405, for which the presumptive sentence is 1.5 years. This shows a change in the legislature's opinion, he argues, as to the seriousness of the offense. We do not find that this demonstrates that the sentence imposed is excessive. The trial court was required to apply the penalty provisions in effect at the time of the offense. A.R.S. § 1–246. The sentence imposed fell in the middle range and was not arbitrary. We find no abuse of discretion.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.