**Zemether SCROGGINS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–163–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 11, 1991.

Discretionary Review Refused
Dec. 11, 1991.

Reginald R. Wilson, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty. and John W. Brasher, Asst. Crim. Dist. Atty., Wichita Falls, for the State.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Zemether Scroggins appeals the trial court's order revoking his probation. On November 3, 1989, Scroggins pled guilty to the offense of burglary of a building and was assessed a sentence of four years in the Texas Department of Corrections, now the Texas Department of Justice, Institutional Division. TEX.PENAL CODE ANN. sec. 30.02(a) (Vernon 1989). Scroggins' sentence was probated.

On June 8, 1990, Scroggins' probation was revoked on the basis that he failed to report to his probation officer for the month of February 1990 and on the basis that he failed to avoid persons of disreputable or harmful character. In his first two points of error, Scroggins urges that the trial court abused its discretion in finding that he failed to report to his probation officer. In his third point of error, Scroggins urges that the court abused its discretion in finding that he violated the condition of his probation directing him to avoid persons of disreputable or harmful character because the probation term was too vague and indefinite to inform him that he should not associate with a specific person, Kevin Barnes, his brother-in-law.

We affirm because we hold that the terms and conditions of Scroggins' probation sufficiently informed him that he should avoid persons such as his brother-in-law, who was also a co-defendant in the burglary to which Scroggins pled guilty.

The order setting the conditions of probation required that Scroggins "[a]void persons or places of disreputable or harmful character," and "obey all rules and regulations of the probation department." Scroggins had been placed on probation for being a look-out while Barnes and Joseph Greer burglarized a self-storage building. At the revocation hearing, Scroggins' probation officer testified that Scroggins told her he no longer associated with Barnes and that she specifically instructed him not to associate with the co-defendants from his burglary trial, Barnes and Greer.

Officer Cindy Walker testified that on April 7, 1990, she was watching the Barnes' family house when she saw three males, one of whom was Kevin Barnes, leave the house in a car. She was watching the house because the Barnes family had been responsible for several burglaries and car thefts. Kevin Barnes, according to the officer, had a bad reputation. Officer Walker testified that she followed the car to a mall parking lot where one of the occupants, who later was identified as

Barnes, stole a pickup. Scroggins was one of the two remaining persons in the car which followed the stolen pickup until both the car and the pickup were stopped by the police.

 We hold that the court did not abuse its discretion in revoking Scroggins' probation because, since Scroggins and Barnes were co-defendants, Scroggins knew that Barnes was a person of harmful and disreputable character who should be avoided. *See Mendietta v. State,* 476 S.W.2d 682, 683–84 (Tex.Crim.App.1972). Even if the fact that Scroggins and Barnes were co-defendants was not sufficient to inform Scroggins that he should avoid Barnes, we find that Scroggins' telling his probation officer that he no longer associated with Barnes indicated that Scroggins knew Barnes was disreputable and should be avoided. We further hold that Scroggins knew he should not associate with Barnes because his probation officer told him to avoid Barnes and Greer. *See Gill v. State,* 593 S.W.2d 697, 698 (Tex.Crim.App. [Panel Op.] 1980). We hold that the condition of probation is not unconstitutionally vague. *See State v. Boggs,* 16 N.C.App. 403, 192 S.E.2d 29, 31 (N.C.Ct.App.1972) and *State v. Morales,* 137 Ariz. 67, 668 P.2d 910, 912 (Ariz.Ct.App.1983). Scroggins cites us to no authority for his contention that a probation order to avoid persons of harmful or disreputable character, without specifying the persons to be avoided, is too vague and indefinite to support a revocation. We overrule point of error number three.

 We do not address Scroggins' points of error numbers one and two, urging that the court abused its discretion by finding that Scroggins failed to report to his probation officer, because one probation violation will support a court's order revoking probation. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980).

The judgment is affirmed.