**George Anthony JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00046–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 28, 1994.

Ronald A. Ortman, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, LOPEZ and HARDBERGER, JJ.

HARDBERGER, Justice.

■ A jury convicted the defendant of robbery by threat as a repeat offender. The court sentenced him to twenty-five years in prison. On appeal, he complains that the prosecutor repeatedly urged the jury to return a quick verdict of guilty, citing *United States v. De La Rosa*, 911 F.2d 985 (5th Cir.1990), *cert. denied*, 500 U.S. 959, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991).

In *De La Rosa*, the Fifth Circuit disapproved of urging a quick verdict as a tactic to obtain a guilty verdict that the jury might not otherwise reach. We also disapprove. There, as in the present case, the defendant did not object at trial to the argument complained of on appeal. The Fifth Circuit applied the federal plain error doctrine. *Id.* at 992.

■ To preserve jury argument error for appellate review, the defendant must object, request an instruction, and move for mistrial. *See Cook v. State*, 858 S.W.2d 467, 473 (Tex.Crim.App.1993). Any impropriety in the argument is waived by failure to make a proper and timely objection. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App. 1982). Under our state standards of review, curable error is not fundamental, and is waived by failure to object and ask for an appropriate instruction at trial. *See, e.g., Adams v. State*, 813 S.W.2d 698, 699 (Tex. App.—Houston 1991, pet ref'd).

Instructing the jury to take whatever time was necessary to consider the evidence would have cured the error. However, the appellant waived his objection by failing to make an objection. Accordingly, we overrule the point of error and affirm the judgment of the trial court.