Michael Jay LeBLANC, Appellant,

v.

The STATE of Texas, State.

No. 2–94–501–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 29, 1995.

Jack W. Beech, David K. Chapman, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles Mallin, Asst. Chief of Appellate Division, John A. Stride, Charles Brandenberg, Tonya Harlan, Asst. Crim. District Attorney, Fort Worth, for appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant, Michael Jay LeBlanc, entered a guilty plea to the offense of fraudulent transfer of a motor vehicle. *See* former TEX.PENAL CODE ANN. § 32.36.[1] LeBlanc was placed on deferred adjudication probation for three years and assessed a fine of $1,500.00. After the State filed a Petition to Proceed to Adjudication, the trial court adjudicated LeBlanc guilty and assessed a sentence of seven years in the Institutional Division of the Texas Department of Criminal Justice, probated for five years. LeBlanc asserts the trial court erred by imposing two supplemental conditions of probation. We affirm.

In probating his sentence, the trial court added two supplemental conditions of probation to the standard conditions. The first supplemental condition of probation, Number 16, required LeBlanc to "cease and desist from conducting [his] business under previous contracts used." The second supplemental condition, Number 17, instructed LeBlanc to "notify all leinholders [sic] of all transactions and provide info[rmation] asked by them."

■ In two points of error, argued simultaneously, LeBlanc complains the trial court erred in imposing the supplemental conditions of probation. He claims these conditions are unreasonable because they are insufficiently related to the treatment of LeBlanc and the protection of the public. He concedes that they have some connection with the offense for which he was tried, but he claims they go beyond the court's duty to protect the public and treat the accused. He compares his situation to that in *Horner v. Reed,* 756 S.W.2d 34, 35 (Tex.App.—San Antonio 1988, orig. proceeding), where a condition requiring a probationer to give up his job for the period of probation was held to be unreasonable *per se* because it amounted to an overreaching into his ability to earn a living at his chosen occupation.

The State responds that both conditions imposed on LeBlanc are reasonably related to the crime and his future criminality. It asserts that the methods by which LeBlanc conducted his business of buying and selling cars were in violation of the law, because he accepted possession of vehicles when he knew they were subject to liens and later sold them to third parties without informing the lienholders of the transaction.

■ In examining the conditions of probation imposed on a defendant, we must determine whether the trial court abused its discretion. *See Tamez v. State,* 534 S.W.2d 686, 690–93 (Tex.Crim.App.1976); *Dellinger v. State,* 872 S.W.2d 49, 51 (Tex.App.—Fort Worth 1994, pet. ref'd). A condition of probation is invalid if it contains all of the following characteristics:

(1) it has no relationship to the crime;

(2) it relates to conduct that is not in itself criminal; and

---

1. Act of May 20, 1989, 71st Leg., R.S., ch. 954, § 1, 1989, Tex.Gen.Laws 4019, 4020, *amended by* Act of April 22, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3647–48 (current version at TEX.PENAL CODE ANN. § 32.34 (Vernon 1994)).

(3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Lacy v. State,* 875 S.W.2d 3, 5 (Tex.App.—Tyler 1994, pet. ref'd).

Supplemental conditions Number 16 and 17 bore a strong relationship to the crime and barred criminal conduct. Additionally, the supplemental conditions restricted conduct that was reasonably related to LeBlanc's future criminality and served the statutory ends of probation. The trial court did not attempt to stop LeBlanc from buying and selling cars; it merely wanted to ensure that if LeBlanc continued to engage in such transactions, he complied with the law. Points of error one and two are overruled.

The judgment of the trial court is affirmed.