In re Lee Roger Simpson, Jr.















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-227-CV

IN RE LEE ROGER SIMPSON, JR.
                                                                                              Relator
 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                
      Lee Roger Simpson, Jr. seeks a writ of mandamus compelling the District Clerk of Falls
County to accept for filing a motion deposited with the clerk’s office on July 27, 1999. We
dismiss the petition for mandamus for want of jurisdiction.
      Section 22.221 of the Government Code prescribes the original jurisdiction of the courts of
appeals. That section states:
(b) Each court of appeals for a court of appeals district may issue all writs of mandamus,
agreeable to the principles of law regulating those writs, against a:
(1) judge of a district or county court in the court of appeals district; or
(2) judge of a district court who is acting as a magistrate at a court of inquiry under
Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Tex. Gov’t Code Ann. § 22.221(b) (Vernon Supp. 1998). The Government Code does not
confer mandamus jurisdiction over District Clerks upon the courts of appeals. Id.; see HCA
Health Servs. Of Tex., Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992). Accordingly, we
dismiss the petition for want of jurisdiction.

                                                                         PER CURIAM

Before Chief Justice Davis
      Justice Gray, and
      Chief Justice McDonald (retired)
Order issued and filed September 1, 1999
Dismissed for want of jurisdiction
Publish



ng an erroneous verdict is double jeopardy. The broad premise underlying double
jeopardy protection is that the State should not be able to subject an individual to embarrassment
and anxiety by repeated attempts to convict. Ortiz v. State, 933 S.W.2d 102, 105 (Tex. Crim.
App. 1996). Once jeopardy attaches, as it did in this case when the jury was empaneled and
sworn, a defendant is entitled to have his or her case decided by that jury unless the defendant
consents to a retrial. Matter of S.G., Jr., 935 S.W.2d 919, 924 (Tex. App.—San Antonio 1996,
pet. dism'd w.o.j.). But if the defendant does not consent, double jeopardy requires that his or
her culpability be determined in a single proceeding before the jury first selected to try him or her,
unless it becomes manifestly necessary to terminate the proceeding before a verdict is returned in
order to assure fairness or efficiency in the trial process. Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996).
      Contrary to Schlapia's contention, the record shows that the trial court did not accept the
punishment verdict from the incorrect charge initially submitted. Before accepting the punishment
assessed by the jury, the trial court realized that the punishment exceeded the appropriate range. 
After the court gave a corrected charge, the same jury, which was first empaneled and sworn,
assessed Schlapia's punishment. The recharging of the jury to assess the correct punishment does
not amount to double jeopardy. Although the jury had to return two punishment verdicts in this
case, Schlapia never faced more than a single proceeding for this charge. Therefore, we overrule
his first point.
      Schlapia's second point claims that the trial court committed reversible error in submitting an
erroneous charge beyond the range of punishment. When the defendant fails to object concerning
error in the charge, the case will be reversed only if the defendant suffered egregious harm. 
Cartwright v. State, 833 S.W.2d 134, 136-37 (Tex. Crim. App. 1992); Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984); Tamez v. State, 865 S.W.2d 518, 520 (Tex.
App.—Corpus Christi 1993, pet. ref'd). We search for actual, not just theoretical, harm to the
defendant. Williams v. State, 851 S.W.2d 282, 287 (Tex. Crim. App. 1993). The actual degree
of harm must be evaluated in light of the entire jury charge, the state of the evidence, including
the contested issues and weight of probative evidence, the argument of counsel and any other
relevant information revealed by the record of the trial as a whole. Id.; Almanza, 686 S.W.2d at
171.
      In this case, the charge incorrectly instructed the jury on the maximum punishment that could
be given Schlapia. Initially, the trial court instructed the jury that Schlapia could be imprisoned
for up to two years. However, the correct maximum confinement Schlapia faced was six months. 
The maximum fine of $2,000 remained the same. After the trial court corrected the charge, the
jury assessed punishment within the correct punishment range and lowered the imposed fine from
$1,000 to $500. Based on the facts of this case, we cannot say that Schlapia suffered egregious
actual harm. Thus, we overrule his second point.
      Schlapia's third point complains the trial court erred by imposing a sentence that exceeded the
one recommended by the jury. In addition to the jury's assessed punishment, the trial court added
to Schlapia's sentence $202 in court costs, 20 days in the county jail, 90 days driver's license
suspension, and an ignition interlock device installed on Schlapia's car. In examining the
conditions of community supervision imposed on a defendant, we must determine whether the trial
court abused its discretion. LeBlanc v. State, 908 S.W.2d 573, 574 (Tex. App.—Fort Worth
1995, no pet.); Dellinger v. State, 872 S.W.2d 49, 51 (Tex. App.—Fort Worth 1994, pet. ref'd). 
A condition of community supervision is invalid if it contains all of the following characteristics: 
(1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3)
it forbids or requires conduct that is not reasonably related to the future criminality of the
defendant or does not serve the statutory ends of community supervision. LeBlanc, 908 S.W.2d
at 574-75.
      The trial court may impose any reasonable condition that is designed to protect or restore to
the community, or punish, rehabilitate, or reform the defendant, including a condition that the
defendant pay all court costs whether a fine is assessed or not. Tex. Code Crim. Proc. Ann. art.
42.12 § 11(a)(8) (Vernon Supp. 1997). The trial court may also order the defendant to submit to
a period of confinement in the county jail as a condition of community supervision. Id. art. 42.12
§ 12(a). Additionally, when the trial court places a defendant younger than 21 years of age on
probation for driving while intoxicated, the court must order the suspension of the defendant's
driver's license for 90 days and require as a condition of community supervision that the defendant
not operate a vehicle unless it is equipped with a device such as the ignition interlock device. Id.
art. 42.12 § 13(m). Schlapia was 19 years of age at the time of trial. We do not find that the trial
court abused its discretion in imposing these conditions on Schlapia's community supervision. 
LeBlanc, 908 S.W.2d at 574-75. Therefore, we overrule Schlapia's third point.
      We affirm the judgment.
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 11, 1997.
Do not publish