TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00107-CR






David Alan Pittman, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 478,134, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING







 Appellant David Alan Pittman pleaded nolo contendere to the offense of making
a firearm accessible to a child. See Tex. Penal Code Ann. § 46.13 (West Supp. 1999). After
accepting the non-negotiated plea, the trial court sentenced him to ninety days' confinement in the
Travis County Jail and a fine of $800.00, with imposition suspended and appellant placed on
community supervision for one year. In one issue, appellant challenges a condition of his
probation as impermissibly vague. We will overrule the issue presented and affirm. (1)


Background



 On November 17, 1996, appellant and his girlfriend left his mobile home in rural
Travis County to go to the grocery store. Appellant's two sons--Michael, twelve, and Chase,
ten--and appellant's girlfriend's twelve-year-old son remained at home. Appellant kept loaded
firearms and some kitchen items on a shelf in his bedroom, which was adjacent to the kitchen. 
After appellant left, Chase went into his father's bedroom to get a glass. He picked up a loaded
.22 caliber revolver off the shelf. While he was reaching for a glass, the gun that he was holding
discharged. At the same time, his brother Michael was in the kitchen, bending over looking for
something in the refrigerator. The bullet wounded his brother in the buttocks, exited through his
abdomen just above the navel, then reentered his body above the exit wound and lodged in his
chest cavity.

 While paramedics were preparing to transport Michael to the hospital, sheriff's
deputies arrived at the scene and appellant returned. He admitted owning the firearm that had
discharged as well as other firearms in the mobile home, none of which were secured. Appellant
told the deputies that he did not secure his firearms in any way and felt comfortable leaving them
loaded and laying about the house because he had reared his sons to know better than to play with
them. The deputies seized the following: an S & W .44-caliber handgun, a Beretta 9mm handgun
with magazines, two revolver speedloaders with twelve .357 caliber cartridges, a Stevens 12-gauge shotgun, a Westpoint .222 caliber rifle with scope, a Winchester .243 caliber rifle, a New
England Firearms 12-gauge shotgun, a Pietro Beretta 12-gauge shotgun, and the H & R 929
Sidekick nine-shot .22 caliber revolver involved in the shooting.

 Appellant was arrested and charged with the offense at issue. After several delays,
appellant entered his nolo contendere plea. The trial court assessed punishment and suspended
the sentence. In addition to other conditions of community supervision, the trial court ordered
appellant to "forfeit weapons" and to complete parenting and firearms safety classes. Appellant,
in one issue, contends that the "forfeit weapons" condition is unconstitutionally vague. We
disagree.


Conditions of Probation



 We review a trial court's imposition of community supervision conditions under
an abuse of discretion standard. See LeBlanc v. State, 908 S.W.2d 573, 574 (Tex. App.--Fort
Worth 1995, no pet.). The trial court has wide discretion in selecting conditions of probation,
but they must be reasonably related to the treatment of the probationer and the protection of the
general public. See Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991); Marcum v.
State, 983 S.W.2d 762, 768 (Tex. App.--Houston [14th Dist.] 1998, pet ref'd). A condition of
probation is invalid if it has all three of the following characteristics: (1) it has no relationship
to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires
conduct that is not reasonably related to the future criminality of the defendant or does not serve
the statutory ends of probation. Marcum, 983 S.W.2d at 768. Vagueness and overbreadth
challenges to probationary conditions fail when the record shows that the probationer had actual
notice that his conduct violated the probationary condition. Scroggins v. State, 815 S.W.2d 898,
900 (Tex. App.--Fort Worth 1991, pet. ref'd) ("avoid persons of disreputable or harmful
character" not vague as applied to association with co-defendant in burglary offense when
probation officer told defendant to avoid co-defendant); Pequeno v. State, 710 S.W.2d 709 (Tex.
App.--Houston [1st Dist.] 1986, no pet.) (defendant's testimony indicated that he understood the
conditions). The proper remedy for an invalid condition is to reform the judgment by deleting
the invalid condition. Ex parte Pena, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987).

 Appellant complains that the probation condition that he "forfeit weapons" is so
vague that kitchen utensils or children's toys could be included. However, appellant filed a
motion for new trial that made no attempt to seek clarification of that condition of probation. 
Instead, he stated that "the Court ordered forfeiture of the weapon used in the offense and all
other weapons seized during the investigation of this case by the Travis County Sheriff's office." 
In asking for a new trial he went on to state that the court was only authorized to forfeit the
weapon used in the offense and not all weapons seized. Appellant's motion shows that he had
actual knowledge of what was required as a condition of probation--none of the seized weapons
would be returned to him because they all had to be forfeited. As noted by the State, the
probation condition said "forfeit" and "forfeit" means to lose one's ownership rights in property
that has been seized as contraband in connection with a criminal offense. Appellant knew which
items had been seized. The condition was not vague.

 Further, we note that the Court of Criminal Appeals recently has held that a
defendant cannot challenge the conditions of probation for the first time on appeal. See Speth v.
State, No. 425-98, slip op. at 9 (Tex. Crim. App. December 1, 1999). The plea hearing in this
cause was not recorded. The motion for new trial does not attack the condition of probation as
being vague but only argues that the trial court ordered too many guns forfeited. In fact, the
motion for new trial never even refers to the forfeiture as a condition of probation. (The condition
appears in the "other conditions" section of the judgment.) Accordingly, it appears that appellant
did not preserve his complaint for appeal. Speth, slip op. at 9.


Conclusion



 Even assuming appellant could challenge the condition of probation on appeal, that
condition of probation was not impermissibly vague. The trial court did not abuse its discretion
in imposing the condition. We overrule appellant's issue presented and affirm the conviction and
sentence.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: December 16, 1999

Do Not Publish

1. No reporter's record was made of the hearing. Our account of the facts is based on the
clerk's record and on the statements of facts in the briefs.


sion, the trial court ordered
appellant to "forfeit weapons" and to complete parenting and firearms safety classes. Appellant,
in one issue, contends that the "forfeit weapons" condition is unconstitutionally vague. We
disagree.


Conditions of Probation



 We review a trial court's imposition of community supervision conditions under
an abuse of discretion standard. See LeBlanc v. State, 908 S.W.2d 573, 574 (Tex. App.--Fort
Worth 1995, no pet.). The trial court has wide discretion in selecting conditions of probation,
but they must be reasonably related to the treatment of the probationer and the protection of the
general public. See Fielder v. State, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991); Marcum v.
State, 983 S.W.2d 762, 768 (Tex