NO. 07-00-0210-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 22, 2002

_____

ALVIN MARK EILAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 268TH DISTRICT COURT OF FORT BEND COUNTY;

NO. 31,794; HONORABLE P. K. REITER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In three points, appellant Alvin Mark Eiland challenges his conviction of aggravated assault and the resulting punishment of a two-year probated sentence in the Institutional Division of the Department of Criminal Justice. In those points, appellant argues the trial court reversibly erred in 1) admitting evidence of extraneous offenses that prejudiced the jury against him, 2) failing to follow the jury's verdict on punishment, and 3) including

unreasonable conditions in probating his sentence. For reasons we later recount, we affirm the judgment of the trial court.

In support of his first point contention, appellant references three instances. The first instance was the admission of testimony from the complainant that she was also the victim of a 1991 assault by appellant which, she averred, arose from a comment she made while at dinner with him. After dinner, while in her car on a dark road, appellant slapped her in the face, she struck back, and when she did so, he pulled out a small caliber pistol, made her sit on her hands, and told her never to hit him again. Appellant's only trial objection to this testimony was to its relevancy.

Appellant's second reference is to testimony by the complainant about an alleged 1997 assault upon her by appellant. This gave rise to an assault charge and a protective order, which was later dropped at her request. Appellant's only trial objection to this testimony was that one of the questions was leading, which was overruled, and that another question did not accurately reflect the evidence. That objection was never ruled on by the trial court. Appellant's third reference is to testimony that the complainant's son was a witness to the 1997 assault and to another in 1991. There was no trial objection to this testimony.

In argument under this point, appellant does not specifically pursue his relevancy question but, rather, asserts that the admission of the testimony was "improper." In that

connection, Texas Rule of Evidence 401[1] provides that "relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority."

It is well established that a trial court has broad discretion in determining the admissibility of evidence and its ruling should not be reversed on appeal absent a clear abuse of discretion. *Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App. 1991). Under the broad definition of relevant evidence, we cannot say the trial court abused its discretion in its evident determination that the evidence in question was relevant.

With reference to appellant's appellate complaint that the evidence was improperly prejudicial, the record does not show that he made any trial objection on that basis. Texas Rule of Appellate Procedure 33.1 provides that to preserve a complaint for appellate review, the record must show that a trial objection was made with sufficient specificity to make the trial court aware of the complaint and the objection must be ruled on by the court. *See also Fleming v. State*, 956 S.W.2d 620, 623 (Tex.App.--Eastland 1997, pet. ref'd). The proper manner of preserving complaints of the nature appellant attempts to raise here was explicated in the seminal case of *Montgomery v. State*, 810 S.W.2d 372

---

[1]Later references to rule numbers are to those Rules of Evidence, unless otherwise specifically noted.

(Tex.Crim.App. 1990). By failing to follow that procedure, appellant failed to preserve his question for our review.

In addition, we have carefully examined the record and are of the opinion that even assuming arguendo the testimony was erroneously admitted, its admission was not sufficient to deprive appellant of a substantial right. *See* Tex. R. App. P. 44.2(b). *See also Johnson v. State*, 889 S.W.2d 12 (Tex.App.--San Antonio 1994, no pet.); *Reynolds v. State*, 744 S.W.2d 156 (Tex.App.--Amarillo 1987, pet. ref'd). Appellant's first point is overruled.

Appellant's second and third point challenges are addressed to the condition of probation that directs him to pay delinquent child support in the total amount of $16,200 in monthly installments of $800, with the remainder, if any, to be paid before the expiration of the probation period. In his second issue, appellant contends that by inserting this condition, the trial judge failed "to follow the jury verdict on punishment by effectively changing the punishment assessed." In his third point, he contends the addition of the child support condition was error because it amounted to an "imposition of unreasonable conditions of probation against Appellant contrary to [the] jury's punishment."

As we understand appellant's second point argument, it is that although the trial jury heard testimony about his deficiency in child support payments, in recommending probation, "the jury assessed probation without any condition outside of that set forth in the basic conditions in Article 42.12." Thus, he reasons, by adding as a condition of his

probation that he pay $800 each month toward arrearage and have all arrearage paid before the expiration of his two-year probation, the trial court "essentially changed the punishment assessed several days prior by the jury" and in doing so reversibly erred.

The only authority appellant cites in support of this proposition is "*Johnson v. State*, 477 S.W.2d 972." However, we have been unable to locate any such case in Volume 477 of the Southwestern Reporter, 2nd series. However, in considering appellant's argument, we note that Texas Code of Criminal Procedure article 42.12 sets out the basic conditions of probation. Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2002). In relevant part, section 11(a) of the statute provides:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions . . . . Terms and conditions of probation may include, but shall not be limited to the conditions that the defendant shall . . . . (the subsection goes on to list various conditions to be set out).

Thus, by the terms of the statute itself, the trial court was authorized to impose additional terms and conditions.

In his third point, appellant argues that the imposition of the condition that required him to pay an arrearage in child support was unreasonable. As we have noted in our discussion of appellant's second point, the statute authorizes the trial court, in the exercise of its reasonable discretion, to impose conditions upon a probationer in addition to those specifically set out in the statute. Indeed, *Leblanc v. State*, 908 S.W.2d 573, 574-75 (Tex.

5

App.--Fort Worth 1995, no pet.), and *Lacy v. State,* 875 S.W.2d 3, 5 (Tex.App.--Tyler 1994, pet. ref'd), the two cases cited by appellant in connection with his third point, explicate the standards by which the validity of such additional and non-specified conditions may be judged.

It is axiomatic that a probationer is subject to limitations from which ordinary citizens are free. *Simpson v. State*, 772 S.W.2d 276, 280-81 (Tex.App.--Amarillo 1989, no pet.). Even so, a probationer continues to enjoy a significant degree of privacy, and any restriction upon a probationer's otherwise inviolable constitutional rights can be justified only to the extent actually necessitated by the legitimate demands of the probation process. Thus, proper probationary conditions are those that contribute significantly both to the rehabilitation of the convicted person and to the protection of society. *Id.* at 280-81. A trial court abuses its discretion in imposing a non-statutory condition of probation if it has all three of the following characteristics:

> 1) it has no relationship to the crime;
>
> 2) it relates to conduct that is not of itself criminal; and
>
> 3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation.

*Leblanc*, 908 S.W.2d at 574-75; *Lacy*, 875 S.W.2d at 5.

6

It is in the light of this explication that we must examine the court-imposed condition that requires appellant to pay the accrued delinquent child support of $16,200 in monthly installments of $800 per month. Initially, the condition has no relationship to the crime of aggravated assault which gave rise to the probation. Although the failure to pay child support may be punishable by contempt proceedings, including the possibility of confinement in a county jail until the delinquency is caught up, for the purposes of this discussion, we will assume that the non-payment of child support is not of itself criminal in nature.

However, as stated in article 42.12, the purpose of probation is to serve "the best interest of justice, the public, and the defendant." Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2002). It is certainly in the best interest of justice and the public to require a father to support his children to the best of his ability. Indeed, it is also in the interest of the defendant that he do so to protect himself from being guilty of contempt of court by failing to obey court-ordered child support payments to eradicate unexcused delinquencies in making such payments. That being so, we cannot say that the trial court abused its discretion in imposing the payment of delinquent child support as a condition of allowing appellant to serve his sentence without actually being confined in a penal institution. Appellant's second and third points are overruled.

In summary, all of appellant's points are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.