NO. 07-01-0438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2002

_____

COLLIE B. WILLARD, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-420,722; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

On original submission, we dismissed appellant's appeal for want of jurisdiction. By his motion for rehearing, appellant argues that under Feagin v. State, 967 S.W.2d 417 (Tex.Cr.App. 1998), we have jurisdiction to consider his appeal. We grant appellant's motion for rehearing and now withdraw our original opinion and judgment of June 28, 2002, and, in lieu thereof, issue the following opinion.

Pursuant to a plea bargain,[1] on September 30, 1997, appellant Collie B. Willard, III was convicted of possession of a controlled substance and punishment was assessed at five years confinement, suspended. Upon the State's second amended motion to revoke appellant's community supervision for violations of the conditions thereof, on August 23, 2001, the trial court revoked community supervision and assessed punishment at four years confinement. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and

---

[1]The criminal docket sheet included in the clerk's record reflects that appellant entered into a plea bargain agreement.

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

file a *pro se* brief. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

On September 30, 1997, appellant was convicted of possession of a controlled substance and placed on community supervision for five years. Upon the State's second amended motion, on August 23, 2001, the trial court revoked community supervision for violating the condition that appellant avoid persons and places of disreputable or harmful character and assessed punishment at four years confinement.

By the *Anders* brief, counsel questions whether (1) the condition of community supervision that appellant avoid persons or places of disreputable or harmful character as applied to him was vague, (2) appellant faced double jeopardy, and (3) appellant received ineffective assistance of counsel. However, after a review of the evidence and legal authorities, counsel concedes that there are no nonfrivolous claims to present on appeal.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). One sufficient ground for revocation supports the trial court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980).

At the hearing on the State's motion to revoke, evidence was presented that at the time appellant was placed on community supervision, the conditions were explained to him. When asked to explain the condition "avoid persons or places of disreputable or harmful character," a community supervision officer testified that persons on community supervision are

> not to associate with people who possibly sell drugs or having [sic] parties, associate in illegal activities or not to go to places that there is an illegal activity going on.

Testimony of Officer Koontz taken at a prior hearing on the State's first amended motion to revoke was introduced as an exhibit and portions were read into the record. By the testimony, the State established that on August 8, 2000, appellant was at a residence located at 1916 East Auburn Street, which was a crack cocaine distribution location. According to Officer Koontz's testimony, about a week prior to August 8, he noticed appellant "hanging around" that residence and informed him that he was aware of his past problems and that there was a good chance anyone around there was going to be arrested because of complaints. Further, a friend of appellant's testified that he and appellant drove to 1916 East Auburn on August 8, and that appellant parked his car in front of the residence.

In ruling to revoke appellant's community supervision, the trial court noted that it was of the opinion that appellant "was well aware of what was going on at that facility or

residence" and thus, the State had met its burden of proof by establishing that appellant had not avoided a place of disreputable or harmful character. *See* Scroggins v. State, 815 S.W.2d 898, 900 (Tex.App.–Fort Worth 1991, pet. ref'd) (upholding a trial court's revocation order because the evidence established that Scroggins knew he should not associate with a co-defendant because his probation officer told him to avoid him). We conclude the trial court did not abuse its discretion in revoking appellant's community supervision.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>Justice

Do not publish.