NO. 07-07-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 3, 2009

______________________________


BRANDON ZAVALA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13799-0008; HON. JACK R. MILLER, PRESIDING

_______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.



MEMORANDUM OPINION
          In one issue, appellant Brandon Zavala contends his adjudication of guilt for the
offense of possession of marijuana and the resulting sentence of two years confinement
in the Institutional Division of the Department of Criminal Justice, suspended under
community supervision for a period of three years, must be reversed. In that issue,
appellant contends that the trial court’s requirement that he spend ninety days confinement
in a county jail as a condition of his community supervision constituted an abuse of its
discretion. We disagree and affirm the trial court’s judgment.
Discussion
          A proper discussion of the question before us requires an itemization of the
somewhat extensive history of this matter. On August 10, 2000, appellant was charged
with possession of marijuana in an amount more than four ounces but less than five
pounds. On January 2, 2001, appellant pled guilty to this offense whereupon the trial court
deferred the adjudication of guilt for a period of three years conditioned upon appellant’s
compliance with certain conditions set by it. Thereafter, on March 25, 2002, the State
asked the court to proceed with an adjudication of appellant’s guilt. Subsequent to that
date, and after the State’s August 12, 2002 amended motion to proceed was filed, the trial
court continued the deferred adjudication with a one-year extension of time coupled with
a $500 fine. On December 20, 2004, an agreed order was entered extending deferred
adjudication for an additional one year with another $500 fine and other conditions not
material to this discussion. On November 21, 2005, the State filed another motion to
proceed with adjudication of guilt. On August 27, 2007, appellant was adjudicated guilty
and was assessed a two-year sentence in the Texas Department of Criminal Justice, but
a new trial was granted on September 21, 2007.



          At the conclusion of the new hearing which was held on November 5, 2007, the trial
court entered the judgment giving rise to this appeal. In its judgment, the trial court found
appellant had violated the conditions of his community supervision, adjudged him guilty of
the original offense, and assessed a two-year sentence suspended for a period of three
years under community supervision. As a condition of the community supervision,
appellant was ordered to be confined in the Hale County jail for a period of ninety days. 
It is the imposition of that particular condition that gives rise to this appeal. 
          In challenging the jail confinement provision, appellant emphasizes the requirement
that terms and conditions of supervision must be reasonable, and contends that no
evidence was presented indicating that incarceration was actually necessary, and any
evidence that was presented with regard to appellant’s attitude and demeanor during his
community supervision was “stale.” Because of this, he reasons, the trial court abused 
its discretion in imposing it.
          Article 42.12 of the Code of Criminal Procedure explicates the grants and
requirements of community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12
(Vernon Supp. 2007). Section 11(a) of article 42.12, in relevant part, provides: 
The judge of the court having jurisdiction of the case shall determine
the conditions of community supervision and may, at any time, during the
period of community supervision alter or modify the conditions. The judge
may impose any reasonable condition that is designed to protect or restore
the community, protect or restore the victim, or punish, rehabilitate, or reform
the defendant.

Id. §11(a). The remainder of the section includes a non-exclusive list of potential
conditions. Section 12(a) of the statute specifically authorizes a judge having jurisdiction
of a felony case to require as a condition of community supervision a period of confinement
in a county jail for a period not exceeding 180 days. Id. §12(a). Section 15 of the statute
governs community supervision as it applies to state jail felonies and provides that a trial
judge may impose upon a state jail felony defendant any condition of community
supervision that could be imposed upon a defendant placed on supervision other than a
state jail felony, id. §15(c)(1), except that subsection (e) of the section provides that “if the
judge requires a defendant to serve a period of confinement in a state jail felony facility as
a modification of the defendant’s community supervision, the minimum term of confinement
is 90 days and the maximum is 180 days.” Id. §15(e). 
          Each of the applicable provisions of the statute clearly permit the ninety-day
confinement period ordered by the trial court. Even so, appellant contends the imposition
of the ninety-day confinement was an abuse of discretion because: (1) the information
provided by the community supervision officer was “stale” because she last saw appellant
face to face in September 2005; (2) the testimony presented through appellant’s common-law wife and father did not show any support for the order of confinement; and (3) the
mandates of the Code of Criminal Procedure as well as case law make clear that the
conditions must be reasonable and provide some benefit to either the defendant or society.
          A trial court’s imposition of community supervision conditions are reviewed under
an abuse of discretion standard. See Leblanc v. State, 908 S.W.2d 573, 574 (Tex. App.–
Fort Worth 1995, no pet.), citing Tamez v. State, 534 S.W.2d 686 (Tex. Crim. App. 1976). 
A condition of supervision is invalid if it: 1) has no relationship to the crime; 2) relates to
conduct that is not in itself criminal; and 3) forbids or requires conduct that is not
reasonably related to the future criminality of the defendant or does not serve the statutory
ends of probation. Id.at 574-75; Simpson v. State, 772 S.W.2d 276, 280-81 (Tex.
App.–Amarillo 1989, no pet.). Viewed in this light, we conclude that the condition of
supervision of which appellant complains has none of these characteristics.
          Additionally, not only did appellant plead true to the State’s allegations in its motion
to adjudicate, appellant’s supervisory officer testified about appellant’s shortcomings while
under community supervision and his earlier violations of conditions of community
supervision. Indeed, she expressed the opinion that based upon her interaction with
appellant over some 31 months, he “has not taken his probation seriously” and she
believed “some jail therapy might be good for him.” She also agreed that even though she
had not met with him for over two years, based on her experiences with him, she did not
think appellant had changed.
          Under this record, we cannot say that the trial judge abused his discretion in
ordering the jail confinement period. Accordingly, inasmuch as appellant’s issue does not
present reversible error, we affirm the judgment of the trial court.
 
                                                                           John T. Boyd
                                                                          Senior Justice
 
Do not publish.