NO. 07-07-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 3, 2009

_____

BRANDON ZAVALA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13799-0008; HON. JACK R. MILLER, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In one issue, appellant Brandon Zavala contends his adjudication of guilt for the offense of possession of marijuana and the resulting sentence of two years confinement in the Institutional Division of the Department of Criminal Justice, suspended under community supervision for a period of three years, must be reversed. In that issue, appellant contends that the trial court's requirement that he spend ninety days confinement

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

in a county jail as a condition of his community supervision constituted an abuse of its discretion. We disagree and affirm the trial court's judgment.

## Discussion

A proper discussion of the question before us requires an itemization of the somewhat extensive history of this matter. On August 10, 2000, appellant was charged with possession of marijuana in an amount more than four ounces but less than five pounds. On January 2, 2001, appellant pled guilty to this offense whereupon the trial court deferred the adjudication of guilt for a period of three years conditioned upon appellant's compliance with certain conditions set by it. Thereafter, on March 25, 2002, the State asked the court to proceed with an adjudication of appellant's guilt. Subsequent to that date, and after the State's August 12, 2002 amended motion to proceed was filed, the trial court continued the deferred adjudication with a one-year extension of time coupled with a $500 fine. On December 20, 2004, an agreed order was entered extending deferred adjudication for an additional one year with another $500 fine and other conditions not material to this discussion. On November 21, 2005, the State filed another motion to proceed with adjudication of guilt. On August 27, 2007, appellant was adjudicated guilty and was assessed a two-year sentence in the Texas Department of Criminal Justice, but a new trial was granted on September 21, 2007.[2]

---

[2]Appellant had timely filed his notice of appeal following the August 27, 2007 adjudication, however, on October 11, 2007, the clerk of the trial court notified us of the granting of appellant's motion for new trial in the case. Because the timely grant of a motion for new trial restores the case to its pre-trial position, we dismissed that appeal for want of jurisdiction. *Zavala v. State*, No. 07-07-0394-CR, 2007 WL 3054192 (Tex. App.–Amarillo October 19, 2007, no pet.).

At the conclusion of the new hearing which was held on November 5, 2007, the trial court entered the judgment giving rise to this appeal. In its judgment, the trial court found appellant had violated the conditions of his community supervision, adjudged him guilty of the original offense, and assessed a two-year sentence suspended for a period of three years under community supervision. As a condition of the community supervision, appellant was ordered to be confined in the Hale County jail for a period of ninety days. It is the imposition of that particular condition that gives rise to this appeal.

In challenging the jail confinement provision, appellant emphasizes the requirement that terms and conditions of supervision must be reasonable, and contends that no evidence was presented indicating that incarceration was actually necessary, and any evidence that was presented with regard to appellant's attitude and demeanor during his community supervision was "stale." Because of this, he reasons, the trial court abused its discretion in imposing it.

Article 42.12 of the Code of Criminal Procedure explicates the grants and requirements of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2007). Section 11(a) of article 42.12, in relevant part, provides:

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time, during the period of community supervision alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.

*Id.* §11(a). The remainder of the section includes a non-exclusive list of potential conditions. Section 12(a) of the statute specifically authorizes a judge having jurisdiction of a felony case to require as a condition of community supervision a period of confinement

3

in a county jail for a period not exceeding 180 days. *Id.* §12(a). Section 15 of the statute governs community supervision as it applies to state jail felonies and provides that a trial judge may impose upon a state jail felony defendant any condition of community supervision that could be imposed upon a defendant placed on supervision other than a state jail felony, *id.* §15(c)(1), except that subsection (e) of the section provides that "if the judge requires a defendant to serve a period of confinement in a state jail felony facility as a modification of the defendant's community supervision, the minimum term of confinement is 90 days and the maximum is 180 days." *Id.* §15(e).

Each of the applicable provisions of the statute clearly permit the ninety-day confinement period ordered by the trial court. Even so, appellant contends the imposition of the ninety-day confinement was an abuse of discretion because: (1) the information provided by the community supervision officer was "stale" because she last saw appellant face to face in September 2005; (2) the testimony presented through appellant's common-law wife and father did not show any support for the order of confinement; and (3) the mandates of the Code of Criminal Procedure as well as case law make clear that the conditions must be reasonable and provide some benefit to either the defendant or society.

A trial court's imposition of community supervision conditions are reviewed under an abuse of discretion standard. *See Leblanc v. State,* 908 S.W.2d 573, 574 (Tex. App.– Fort Worth 1995, no pet.)*, citing Tamez v. State*, 534 S.W.2d 686 (Tex. Crim. App. 1976). A condition of supervision is invalid if it: 1) has no relationship to the crime; 2) relates to conduct that is not in itself criminal; and 3) forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory

4

ends of probation. *Id*.at 574-75; *Simpson v. State*, 772 S.W.2d 276, 280-81 (Tex. App.–Amarillo 1989, no pet.). Viewed in this light, we conclude that the condition of supervision of which appellant complains has none of these characteristics.

Additionally, not only did appellant plead true to the State's allegations in its motion to adjudicate, appellant's supervisory officer testified about appellant's shortcomings while under community supervision and his earlier violations of conditions of community supervision. Indeed, she expressed the opinion that based upon her interaction with appellant over some 31 months, he "has not taken his probation seriously" and she believed "some jail therapy might be good for him." She also agreed that even though she had not met with him for over two years, based on her experiences with him, she did not think appellant had changed.

Under this record, we cannot say that the trial judge abused his discretion in ordering the jail confinement period. Accordingly, inasmuch as appellant's issue does not present reversible error, we affirm the judgment of the trial court.


John T. Boyd
Senior Justice


Do not publish.

5