STATE v. MARY GREER.

(Filed 18 April, 1917.)

**1. Courts — Criminal Law — Judgment Suspended — Execution Suspended — Good Behavior.**

Where conviction is had in a municipal court for violating the prohibition laws, and the defendant sentenced to a fine and imprisonment, execution against the person not to issue within two years on condition that the defendant should not again violate them, the question as to whether there was a technical suspension of the judgment or execution is immaterial as affecting the right of the court to pass upon the fact of a further violation of the laws, and order the execution of the sentence.

**2. Courts—Judgment Suspended—Good Behavior—Execution of Sentence— Discretion—Trial by Jury—Appeal and Error.**

Where judgment in a criminal action conditioned upon good behavior is suspended and not appealed from, subsequent proceedings to determine whether the defendant has complied with these conditions are addressed to the reasonable discretion of the trial judge, and not reviewable on appeal unless such discretion has manifestly been grossly abused; and where the defendant has again been tried and convicted of the same offense, before a municipal court, and thereupon the court orders the execution of the former sentence, the fact that on appeal the defendant was acquitted by the jury of the second offense has no effect upon the principle stated.

CRIMINAL ACTION, tried before *Stacy, J.,* at October Term, 1916, of FORSYTH.

This is an appeal by Mary Greer, who was convicted in the municipal court of the city of Winston on 7 June, 1916, for retailing, the sale being made to one Henry Lemons. The judgment of the court was that the defendant pay a fine of $25 and costs and be imprisoned in the county jail for six months. The execution against the person was not to issue for two years, on condition that the defendant should not violate any of the prohibition laws of the State. There was no appeal from that decision of the municipal court.

On 23 July, 1916, this defendant was again indicted in the municipal court for retailing, the sale being made to Millard Creech. She pleaded not guilty, but was adjudged guilty on 24 July, 1916, and sentenced to nine months in the county jail. From this judgment she appealed to the Superior Court and in default of the required $200 bond was committed to jail. After the defendant had appealed from this second sentence, the court called up the case which had been tried in June preceding, and made the following entry:

"24 July, 1916. The court finds as a fact that the defendant violated the conditions of this judgment by selling intoxicating liquor to one

Millard Creech on or about the 16th of July, 1916. It is, therefore, ordered that execution at once issue on the sentence heretofore entered in this case and the defendant be committed to jail for a term of six months."

Upon the trial of the Millard Creech case, this being the second case and the one in which an appeal was taken from the municipal court, the jury in the Superior Court found the defendant not guilty. The following day, to wit, 26 July, 1916, a motion was made before the judge of the municipal court, asking that he revoke the order putting the execution in the case of June 7th into effect, for the reason that the defendant had been found not guilty of making the sale to Millard Creech. The judge of the municipal court declined to revoke his order of 24 July, 1916, directing the execution to issue against the person of the defendant. The defendant gave notice of appeal from this ruling, and the judge of the municipal court held that an appeal would not lie. Thereupon the defendant, on application for a writ of *certiorari,* filed a petition and bond and the writ was subsequently granted. The hearing on the writ was had before Judge Stacy at the October term of the Superior Court of Forsyth County, who sustained the findings of the judge of the municipal court, dismissing the *certiorari.* From that judgment an appeal was taken to the Supreme Court.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Louis M. Swink and Gilmer Korner for defendant.*

BROWN, J. The question of whether there was technically a suspension of the judgment or a suspension of the execution cannot affect the result of this case. The defendant contends that it was a suspended judgment, and if we adopt her contention we have many authorities to the effect that trial judges have the power to suspend judgments upon certain conditions, and to later give them effect upon the breach of condition. *S. v. Hilton,* 151 N. C., 687; *S. v. Sanders,* 153 N. C., 624; *S. v. Everitt,* 164 N. C., 399; *S. v. Tripp,* 168 N. C., 150.

The verdict of the jury acquitting the defendant of the sale to Millard Creech was not binding on the judge of the municipal court. It was his right to find the facts in respect to that matter according to his own convictions upon the evidence before him, and not according to the evidence before the jury in Superior Court.

When judgment is suspended in a criminal action upon good behavior, or other conditions, the proceedings to ascertain whether the terms have been complied with are addressed to the reasonable discretion of the judge of the court, and do not come within the jury's province.

The findings of the judge and his judgment upon them are not reviewable upon appeal unless there is a manifest abuse of such discretion. *S. v. Everitt, supra.*

Affirmed.