STATE v. ZEB VANCE CAUSBY.

(Filed 29 March, 1967.)

**Criminal Law § 136—**

Even though the solicitor takes a *nolle prosequi* on the charge of un-lawful possession of intoxicating liquor and the jury acquits defendant of the charge of possessing intoxicating liquor for the purpose of sale, the court, upon supporting evidence at a *de novo* hearing, may find on sub-stantially the same evidence that defendant had in his possession intoxi-cating liquor in violation of the terms of suspension of a prior judgment, the adjudication that defendant's possession was not unlawful not being inconsistent with a finding that defendant had possession of intoxicating beverages in violation of the terms of suspension. G.S. 18-11, G.S. 18-32(2).

APPEAL by defendant from *Clarkson, J.,* November 1966 Session of BURKE.

At the February 1966 Session of the Superior Court of Burke County, defendant was convicted of the illegal possession of intoxi-cating liquors for the purpose of sale. The judgment of the court was that he be imprisoned for fifteen months. By and with the con-sent of defendant and his counsel — and at their request —, the prison sentence was suspended for five years from February 18, 1966, upon the conditions that defendant not violate any of the laws of the State, especially the prohibition laws; that he not have any whiskey, beer, wine, or other alcoholic beverages on his premises *for any purpose whatever;* and that he pay a fine of $500.00.

At the November 1966 Session of the Superior Court, defendant was tried upon a bill of indictment which charged, in two counts, that on October 1, 1966, he unlawfully had in his possession intox-icating liquors for the purpose of sale and unlawfully possessed in-toxicating liquors for beverage purposes. At the conclusion of the State's evidence, the solicitor took a *nolle prosequi* on the count charging unlawful possession of intoxicating liquors. The jury ac-quitted defendant of the charge of possessing intoxicating liquors for the purpose of sale.

The record before us does not contain evidence produced at this trial. On November 22, 1966, the day the verdict was returned, the solicitor served written notice upon defendant (as required by G.S. 15-200.1) that he would move the court to revoke the suspension of the prison sentence imposed upon him at the February Session. The reason assigned was that, on October 1, 1966, defendant had in his possession on his premises intoxicating liquors and beer in violation of the conditions of suspension.

When the solicitor's motion came on for hearing, defendant ob-jected to the introduction of evidence that defendant possessed al-coholic beverages on October 1, 1966, upon the ground that, on the

preceding day, the jury had acquitted defendant of a charge of possessing intoxicants for the purpose of sale, and the solicitor had *nolle prossed* a charge of illegal possession of alcoholic beverages. The court overruled this objection, and the State offered evidence which tended to show:

Under the authority of a duly issued search warrant, two police officers of the City of Morganton and an officer of the Alcoholic Beverage Control Board searched defendant's premises for beer and intoxicating liquors on October 1, 1966. They found 60 sixteen-ounce cans of beer in an outhouse to which defendant had the key. In his living room, behind four men who were sitting on the couch, they found four fifths of taxpaid whiskey. These bottles were unopened. There was also a fifth from which one-third of the content was gone, and some glasses with a strong odor of alcohol in them. Five or six men and a woman were in the house. Defendant told one of the officers that he had bought the liquor at the ABC store earlier the same day. The stamp on the bottles showed the date of purchase to be October 1, 1966.

Defendant offered no evidence.

At the conclusion of the hearing, the judge found that defendant, on October 1, 1966, had violated the terms upon which the sentence imposed upon him at the February Session had been suspended, by having in his possession on the premises where he and his wife lived, 60 king-size cans of beer; 4 bottles, each containing a fifth of whiskey; and a fifth bottle from which one-third of the content was missing. He concluded that defendant had wilfully violated the terms of the suspended sentence, revoked the suspension, and ordered that defendant be confined in the county jail of Burke County for a period of fifteen months to be assigned to work under the supervision of the State Prison Department, as provided by law. Defendant, contending that the court had erred in revoking a suspended sentence upon "the same evidence on which defendant had been acquitted on the charge of possession of intoxicating liquors for the purpose of sale," and on which the solicitor had taken a *nolle prosequi* "on the charge of possession of intoxicating liquors for beverage purposes," appealed.

*T. Wade Bruton, Attorney General; Harry W. McGalliard, Deputy Attorney General; and Ralph A. White, Jr., Staff Attorney, for the State.*

*John H. McMurray for defendant.*

SHARP, J. Defendant asserts in his brief that the judge activated his suspended sentence on the same evidence upon which the

jury had acquitted him on the preceding day and upon which the solicitor had entered a *nolle prosequi*. We assume the correctness of this statement although the evidence does not affirmatively disclose that the same whiskey and beer were involved. Decision, however, does not turn on this point.

When a jury or other tribunal having jurisdiction acquits a defendant of a criminal charge, it is clear that the same charge may not be the basis for invoking a previously suspended sentence. Likewise, a revocation of suspension cannot be bottomed solely upon a pending criminal charge; a conviction or a plea of guilty is required. *State v. Coffey*, 255 N.C. 293, 121 S.E. 2d 736; *State v. Guffey*, 253 N.C. 43, 116 S.E. 2d 148; *State v. Hardin*, 183 N.C. 815, 112 S.E. 593. In this case, however, the judge did not activate defendant's suspended sentence because he had been charged with violating the prohibition law but because he had breached the condition that he not have *any* alcoholic beverages on his premises during the period of suspension.

The law permits an individual to possess in his home an unlimited quantity of tax-paid intoxicating liquor for his own use and that of his bona fide guests, but the possession of more than one gallon is *prima facie* evidence that such liquor is kept for the purpose of sale. G.S. 18-11; G.S. 18-32(2) ; *D. & W., Inc., v. Charlotte*, 268 N.C. 577, 151 S.E. 2d 241. Thus, without the restriction that defendant have no alcoholic beverages whatever on his premises during the five years his sentence was suspended, if he sold liquor but limited his inventory to not more than one gallon, the police (deprived of the *prima facie* case created by G.S. 18-32(2)) might be hard put to prove his possession for the purpose of sale. *State v. Suddreth*, 223 N.C. 610, 27 S.E. 2d 623. See *State v. Hill*, 236 N.C. 704, 73 S.E. 2d 894. This condition — to which defendant had expressly consented — bore an obvious relation to the offense for which he had been convicted and was entirely reasonable. See *State v. Smith*, 233 N.C. 68, 62 S.E. 2d 495.

Before activating defendant's suspended sentence, Judge Clarkson conducted a hearing *de novo* on the day following the jury trial and found facts which conclusively established a violation of the condition that defendant possess no alcoholic beverages on his premises. The judge was not precluded from revoking the suspension because he acted on the same evidence upon which defendant had been acquitted of the criminal charges involved. There is no inconsistency in the jury's verdict, the solicitor's *nolle prosequi*, and the judge's order. Defendant could well be guilty of violating the terms of his suspended sentence — as the judge found — and not guilty of violating any criminal law — as the jury and the solicitor con-

cluded. *State v. Coffey, supra.* The evidence was that he had whiskey on his premises but not more than one gallon. Defendant's possession of more than 5 gallons of beer (60 king-size cans is 7½ gallons) constituted *prima facie* evidence that he had it for the purpose of sale. G.S. 18-32(4). Notwithstanding, *for his own use,* any individual may possess beer as defined by G.S. 18-64 "without restriction or regulation." G.S. 18-66.

Judge Clarkson's findings and order are fully supported by the evidence and the law. The judgment of the court below is

Affirmed.