STATE OF NORTH CAROLINA v. MICHAEL STEVEN BOGGS

No. 7215SC753

(Filed 25 October 1972)

1. Criminal Law § 145.1— revocation of order of probation — grounds for attack

After revocation of an order suspending sentence and placing a defendant upon probation on specified conditions, a defendant may attack only the order of revocation, entered after notice duly served and a proper hearing thereon, upon the grounds that there is no evidence to support a finding of the breach of the conditions of suspension or that the condition broken is invalid because it is unreasonable or is imposed for an unreasonable length of time.

**2. Criminal Law § 145.1— probation condition — avoiding persons of disreputable character — reasonableness**

Defendant could not complain that the condition of his probation judgment that he "avoid persons or places of disreputable or harmful character" was unreasonably vague where such condition was specifically permitted by statute and where the persons with whom he associated obviously belonged to that category as they were users of heroin and marijuana and had been convicted of a conspiracy to bomb an occupied building. G.S. 15-199(2).

APPEAL by defendant from *McKinnon, Judge,* 5 June 1972 Session of Superior Court held in ALAMANCE County for the trial of criminal cases.

In June 1970, the defendant was arraigned on a bill of indictment charging him with the felonies of breaking and entering and larceny. He pleaded guilty to the misdemeanors of breaking or entering, a violation of G.S. 14-54(b), and misdemeanor larceny which is a violation of G.S. 14-72(a). Judge Braswell consolidated the two counts for the purpose of judgment and imposed a prison sentence of two years. The prison sentence was suspended for five years, and the defendant was placed on probation as provided in Chapter 15, Article 20 [G.S. 15-197, *et seq.*]. The defendant did not appeal.

In the instant case, defendant was charged with violating the terms of the probation judgment requiring him to avoid persons or places of disreputable or harmful character. The defendant, represented by privately employed counsel, was afforded a hearing on this charge. On 9 June 1972, Judge McKinnon revoked the probation judgment after finding, among other things:

"The Court finds as a fact that at the March, 1972, session of the Alamance County Superior Court, at a time when the defendant and others were being tried for conspiracy to damage occupied property by the use of explosives, the defendant in his testimony admitted that he frequented an apartment where people did use narcotic drugs and did testify he took part in assembling the explosive device, but he denied any knowledge of the purpose for which the explosive was to be used. He was acquitted of the charges of conspiracy to damage occupied property by use of explosives.

The Court finds that the probationer has previously been reported for two previous violations of probation,

once for Public Drunk and once for Moving his Residence Without Permission and was Continued on probation after those reports.

2. That the defendant has wilfully violated the terms and conditions of the Probation Judgment . . . . "

The defendant appealed to the Court of Appeals from the order entered that he be required to serve the prison sentence theretofore imposed.

*Attorney General Morgan and Assistant Attorney General Weathers for the State.*

*Donnell S. Kelly for defendant appellant.*

MALLARD, Chief Judge.

The defendant's only assignment of error is that the trial judge committed error "in revoking defendant's probation for knowingly and wilfully failing to avoid persons or places of disreputable or harmful character."

A person convicted of crime is not given a right to probation by the United States Constitution nor by the North Carolina Constitution. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967). Probation or suspension of sentence comes as an act of grace to one convicted of crime, and the offender's rights in a proceeding to revoke his conditional liberty under probation are not coextensive with the constitutional rights of one on trial in a criminal prosecution. *State v. Hewett, supra; Escoe v. Zerbst,* 295 U.S. 490, 79 L.Ed. 1566 (1935) ; *Burns v. U.S.,* 287 U.S. 216, 77 L.Ed. 266, 53 S.Ct. 154 (1932). It is the law in North Carolina that a condition of probation which is in violation of the defendant's constitutional rights, and, therefore, beyond the power of the court to impose, is *per se* unreasonable and subject to attack by defendant upon the State's subsequent motion to put the sentence into effect for violation of that condition. *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970).

[1] After revocation of the order suspending sentence and placing a defendant upon probation on specified conditions, a defendant may attack only the order of revocation, entered after notice duly served and a proper hearing thereon, upon the grounds that (1) there is no evidence to support a finding of

the breach of the conditions of suspension or (2) that the condition broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. *State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203 (1955) ; *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495 (1950).

[2] The defendant does not contend that there was insufficient evidence to support the factual findings made by the trial judge. Neither does he contend that the condition imposed was for an unreasonable length of time. However, he does contend that the condition he is accused of violating is invalid because it is unreasonable in that it is so vague that he could not reasonably understand the conduct proscribed.

This condition or requirement of the probation judgment, that he shall "[a]void persons or places of disreputable or harmful character," was specifically permitted by the statute, G.S. 15-199(2). We hold that this requirement, as a condition of probation, was within the power of the court to impose. It was found as a fact that the defendant had been associating with persons who were using heroin and marijuana and who were convicted of the crime of conspiracy to bomb an occupied building. His contention that persons conspiring to bomb an occupied building, and using heroin and marijuana, were not persons who would be reasonably classified as persons of disreputable or harmful character is fatuous. Any individual should know, in the exercise of common reasoning in the interpretation and understanding of the meaning of the English language, that persons who use heroin and marijuana and who have been convicted of a conspiracy to bomb an occupied building are "persons of a disreputable or harmful character." See *State v. Barrett,* 243 N.C. 686, 91 S.E. 2d 917 (1956) ; *United States v. Ball,* 358 F. 2d 367 (4th Cir. 1966), *cert. denied,* 384 U.S. 971; and *United States v. You,* 159 F. 2d 688 (2d Cir. 1947).

Under the facts found in this case, the trial judge did not err in holding that the defendant had wilfully violated a valid condition upon which the execution of the prison sentence was suspended.

Affirmed.

Judges BROCK and BRITT concur.