STATE OF NORTH CAROLINA v. WALTER JACOB DEBNAM, JR.

No. 7410SC598

(Filed 6 November 1974)

**Criminal Law § 143— revocation of suspension — independent judgment of trial court as basis**

The trial judge could properly activate a suspended sentence on his own independent judgment by reason of certain conduct where the solicitor had entered *nolle prosequis* on charges resulting from the same conduct.

APPEAL by defendant from *McLelland, Judge,* 20 May 1974 Session of WAKE Superior Court. Heard in Court of Appeals 23 September 1974.

The record shows that on 28 June 1973, the defendant pleaded guilty to the charges of driving under the influence of intoxicating liquor and transporting alcoholic beverages with the seal broken in a motor vehicle. Defendant received a six months sentence which was suspended for two years on the condition that defendant (1) pay a fine of $210 and costs and (2) surrender his operator's license and not operate a motor vehicle on the highways of North Carolina for two years. On 5 October 1973, district court Judge Preston entered an order granting the State's motion to activate the suspended sentence due to alleged violations of its conditions. Defendant obtained a trial *de novo* in superior court. After a hearing in superior court, the trial judge found from the evidence that defendant had wilfully failed to surrender his driver's license and operated a motor vehicle on 19 July 1973 within the two year period of the suspended sentence. From an order of the superior court revoking the suspended sentence, defendant appealed.

*Attorney General Carson, by Associate Attorney James Wallace, Jr., for the State.*

*Malcolm B. Grandy, for defendant appellant.*

MARTIN, Judge.

Defendant asserts that the trial court activated his suspended sentence upon the same conduct which the solicitor had entered *nolle prosequis.* Defendant states in his brief, "Thereupon, both 73 CR 46249 and 73 CR 46250 which encompassed all of the alleged actions of the defendant upon which the order of revocation of suspended sentences was based were (at the election of the District Attorney) terminated in favor of the defendant appellant by an order signed by J. McLelland on January 10, 1974, wherein both cases were nol-prossed without leave, which is tantamount to an acquittal."

"When a jury or other tribunal having jurisdiction acquits a defendant of a criminal charge, it is clear that the same charge may not be the basis for invoking a previously suspended sentence. Likewise, a revocation of suspension cannot be bottomed solely upon a pending criminal charge; a

conviction or a plea of guilty is required. (Citations.)" *State v. Causby,* 269 N.C. 747, 153 S.E. 2d 467 (1967).

Furthermore, revocation of a suspended sentence cannot be based solely on a plea of *nolo contendre* in a prior criminal action. *State v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525 (1952).

Defendant equates a *nolle prosequi* with an acquittal and then attempts to come within the above rules. Defendant cites *State v. Guffey,* 253 N.C. 43, 116 S.E. 2d 148 (1960), where the Court held, in effect, that a suspended sentence could not be activated *solely* on the basis of a conviction where the North Carolina Supreme Court subsequently determined that the conviction was based on insufficient evidence. However, the Court in *Guffey* carefully pointed out that the superior court judge did not activate the suspended sentence on his own independent judgment; instead, the superior court judge merely affirmed the order of a recorder's court, which had activated the suspended sentence. In the case at bar, the superior court judge heard testimony from four witnesses and concluded that defendant violated valid conditions of the suspended sentence. Thus, it is clear that the trial court's judgment was an independent one and not based upon the charges which the solicitor had *nol prossed.*

The issue now becomes whether the trial judge could activate a suspended sentence on his own independent judgment by reason of certain conduct where the solicitor had entered *nolle prosequis* on charges resulting from the same conduct. We conclude that the trial judge could. In *State v. Greer,* 173 N.C. 759, 92 S.E. 147 (1917), the defendant was first convicted of retailing intoxicating liquors and received a suspended sentence on the condition that defendant should not violate the prohibition laws of North Carolina. A short time later, the defendant in *Greer* was adjudged guilty in municipal court of retailing liquor to one Millard Creech, and the judge activated the suspended sentence of the first case. Defendant appealed the second case to superior court and was found not guilty by a jury, but the municipal court judge refused to revoke his order activating the suspended sentence. The court in *Greer* said, at page 760, "The verdict of the jury acquitting the defendant of the sale to Millard Creech was not binding on the judge of the municipal court. It was his right to find the facts in respect to that matter according to his own convictions upon the evidence before him, and not according to the evidence before the

Benson v. Insurance Co.

jury in Superior Court." It may not be desirable for a judge to activate a suspended sentence upon conduct where a jury has found the defendant not guilty of a charge arising out of that conduct, but it appears to be within the power of the judge to do so. It follows from the foregoing, that the trial judge in the case at bar could activate a suspended sentence on his independent judgment where the solicitor had *nol prossed* charges arising from the same conduct. But see *State v. Causby,* 269 N.C. 747, 153 S.E. 2d 467 (1967).

"Probation or suspension of sentence comes as an act of grace to one convicted of crime. . . ." *State v. Boggs,* 16 N.C. App. 403, 192 S.E. 2d 29 (1972). In revoking a suspended sentence:

"All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and 'is directed by the reason and conscience of the judge to a just result.' (Citations)." *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967).

The order of the trial court is affirmed.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.