STATE OF NORTH CAROLINA v. JOSEPH R. MONROE

No. 8620SC223

(Filed 21 October 1986)

**1. Criminal Law § 143.6— probation—committing criminal offense—sufficiency of evidence**

There was no merit to defendant's contention that he did not breach a condition of probation because there was no showing that he committed a criminal offense where defendant was accused of writing worthless checks; defendant was confronted by the manager of a store about his first check returned for insufficient funds and asked if two other checks would also be returned; defendant responded that he would take care of them; by asserting that the checks needed taking care of, defendant implied that he knew that there was an insufficient amount in the account when the checks were drawn; and defendant never cleared up the matter by making payment.

**2. Criminal Law § 143.8— commission of criminal offense—grounds for revoking probation—defendant not entitled to jury trial first**

There was no merit to defendant's contention that, when the commission of a criminal offense is the basis for revoking probation, fundamental fairness requires that the probationer be afforded a jury trial on the offenses prior to revocation; furthermore, any verdict acquitting defendant of said charges is not binding on a judge making independent findings based upon the evidence before him.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 21 October 1985 in Superior Court, MOORE County. Heard in the Court of Appeals 15 September 1986.

On 14 March 1984, the defendant was convicted of two counts of obtaining property by false pretenses. Defendant received a ten-year sentence which was suspended for five years. Defendant's probation was governed by the conditions found in G.S. 15A-1343(b). On 2 August 1984, the defendant was convicted of two counts of uttering a forged instrument. Defendant received a two-year sentence which was suspended for a term of three years, probation governed by G.S. 15A-1343(b). Defendant was again convicted of obtaining property by false pretense on 18 April 1985.

He received a sentence of three years. The sentence was suspended for a three-year period and defendant was placed on probation for that period.

Defendant's probation officer filed several probation violation reports which alleged that defendant had violated G.S. 15A-1343 (b)(1). The statute states that the party on probation shall "commit no criminal offense." On 21 October 1985, in Moore County Superior Court it was adjudged that defendant willfully and without lawful excuse violated the terms and conditions of his probation. The court found that defendant had written two checks to the North Carolina Department of Revenue which were returned for non-sufficient funds. The court also found that the defendant authorized and instructed a third party who was his business partner to write three checks to the Hamlet Wholesale Corporation which were returned for non-sufficient funds. From an order of the superior court revoking the suspended sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*David Ray Martin for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that the trial court erred in revoking his probation because the trial court's findings of fact in the revocation order do not support the conclusion of law that defendant breached a condition of probation by committing a criminal offense. We disagree.

The court does not specifically state whether the criminal offense committed was a violation of G.S. 14-106, obtaining property in return for a worthless check, or G.S. 14-107, the worthless check statute. However, the evidence presented amply supports a finding that defendant violated G.S. 14-107. Defendant contends that the record shows no evidence of the requirement that when the checks were written defendant knew or had reason to know that there were insufficient funds in the account on which the checks were drawn.

The record shows that when defendant was confronted by the manager of Hamlet Wholesale about the first check returned

for insufficient funds he was asked if the other two checks would also be returned. The defendant made no assurance that the checks were good nor did he claim any knowledge of their standing. Defendant responded, "Oh, yeah, I'll take care of those. I'll be down tomorrow." By asserting that the two checks needed taking care of defendant implied that he knew that there was an insufficient amount in the account when the checks were drawn. Further, defendant never cleared up the matter by making payment. This evidence is sufficient to support the court's holding.

[2] Defendant next argues that the court erred in revoking defendant's probation prior to proving that his conduct amounted to a commission of a criminal offense. Specifically, defendant contends that the proper procedure would have been to try him in superior court on the alleged criminal offenses which were the basis for his revocation. Defendant argues that when the commission of a criminal offense is the basis for revoking probation, fundamental fairness requires that the probationer be afforded a jury trial. We disagree.

Suspension of a sentence or probation is given to one convicted of a crime "as an act of grace." *State v. Boggs*, 16 N.C. App. 403, 192 S.E. 2d 29 (1972). All that is required in revoking a suspended sentence is evidence which reasonably satisfies the judge in the use of his sound discretion that a condition of probation has been willfully violated. *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967). Revocation of probation is solely within the judge's discretion and is outside of the jury's province. *State v. Guffey*, 253 N.C. 43, 116 S.E. 2d 148 (1960). Defendant is not entitled to a jury trial on the matter.

In support of his argument defendant cites *State v. Causby*, 269 N.C. 747, 153 S.E. 2d 467 (1967), which states that when a defendant is acquitted of a criminal charge or such a charge is pending then that charge cannot be the single basis for revoking probation and activating a suspended sentence. It is not shown in the record whether the violations of probation by the defendant in this case have been adjudicated as criminal charges or not. However, it is irrelevant in the case *sub judice* where the judge upon revoking defendant's probation made independent findings of his own as to the commission of these crimes. The judge did not base his holding of revocation solely upon pending criminal

charges. In the case at bar, the judge heard testimony from four witnesses, including the defendant himself. By making his own independent findings the judge concluded that defendant had violated a certain condition of his probation. This the judge is fully authorized to do. *See State v. Guffey*, 253 N.C. 43, 116 S.E. 2d 148 (1960). Any verdict acquitting the defendant of said charges is not binding on a judge making independent findings based upon the evidence before him or her. *See State v. Greer*, 173 N.C. 759, 92 S.E. 147 (1917). *See also State v. Debnam*, 23 N.C. App. 478, 209 S.E. 2d 409 (1974).

Defendant also raises an issue dealing with the adequacy of the notice he received concerning the probation revocation hearing. Defendant neither raised this issue in his assignments of error nor in any exceptions. As a result, Rule 10(a) of the North Carolina Rules of Appellate Procedure bars consideration of this argument on appeal.

Defendant finally contends that G.S. 15A-1343(b)(1) is unconstitutionally vague because of its language stating that a probationer must "commit no criminal offense." As to probationer, this statutory language is absolutely clear. They must not violate any criminal law. It is not plausible that probationers do not receive notice from such language. Defendant's contention is without merit.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.