An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-562

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

STATE OF NORTH CAROLINA

v.                                    Columbus County
                                      No. 07 CRS 53687
TREVOR DEMON BROWN,
        Defendant.

Appeal by defendant from judgment entered 5 December 2012 by Judge D. Jack Hooks, Jr. in Columbus County Superior Court. Heard in the Court of Appeals 7 November 2013.

>   *Attorney General Roy Cooper, by Assistant Attorney General Gaines M. Weaver and Assistant Attorney General Kimberly N. Callahan, for the State.*

>   *New Hanover County Public Defender's Office, by Assistant Public Defender Brendan O'Donnell, for defendant-appellant.*

GEER, Judge.

Defendant Trevor Demon Brown appeals from the trial court's judgment revoking his probation and activating his suspended sentence of 15 to 18 months imprisonment. On appeal, defendant primarily argues that the trial court erred in revoking his probation because the competent evidence showed, at most, that defendant committed two Class 3 misdemeanors while on probation

and, under N.C. Gen. Stat. § 15A-1344(d) (2013), the trial court had no authority to revoke his probation based solely on two Class 3 misdemeanor convictions. However, our review of the transcript reveals that defendant also admitted to committing a Class 1 misdemeanor offense, as alleged in the verified probation violation report. Based upon defendant's admission, we hold that the trial court could properly revoke defendant's probation. Nonetheless, because the record suggests that the trial court may have also based its revocation of defendant's probation on a ground not supported by the evidence, we must reverse and remand for further proceedings.

### Facts

On 9 December 2010, defendant pled guilty in Columbus County Superior Court to assault inflicting serious bodily injury. The trial court sentenced defendant to a presumptive-range term of 15 to 18 months imprisonment, but suspended the sentence and placed defendant on 36 months supervised probation.

On 1 August 2012, defendant's probation officer, Tarni Carter, filed a verified probation violation report alleging that defendant had violated the condition of his probation that he "'[r]eport as direct [sic] by the Court or the probation officer to the officer at reasonable times and places.'" The report alleged that defendant had failed to meet Ms. Carter at

defendant's residence on 10 May and 19 May 2012 and had also failed to meet Ms. Carter on 15 May 2012 and on 17 July 2012. The report further asserted that defendant had violated the condition that he pay monies owed to the clerk of superior court -- defendant was $180.00 in arrears on his payments.

Ms. Carter then filed a second verified probation violation report, entitled an "Addendum," on 15 November 2012. The 15 November 2012 report alleged that defendant had also violated the condition of his probation that he commit no criminal offense. According to the report, defendant had been convicted in New Hanover County of (1) possession of more than one-half ounce but less than one and one-half ounces of marijuana (with an offense date of 9 August 2012) and (2) possession of up to one-half ounce of marijuana, (with an offense date of 8 August 2012). The report further alleged that defendant had been charged with driving while license revoked ("DWLR") in Brunswick County, with an offense date of 21 February 2012, and that "IF HE IS CONVICTED," the DWLR charge "WILL BE [A] VIOLATION[]."

At a 5 December 2012 hearing on the probation violation reports, Ms. Carter testified that defendant failed to attend three scheduled probation appointments at defendant's home and that defendant was, at that time, $300.00 in arrears in payments owed to the clerk of superior court. Ms. Carter further

testified that defendant "committed the offense of marijuana [sic] in New Hanover County on 8/8/12 and then he committed the offense of possession of marijuana up to one half [ounce] in New Hanover County on 8/9/12." She testified defendant was "convicted of those two on October 18, 2012." Ms. Carter also testified that defendant had "a pending charge and if he were convicted of driving while license revoked in Brunswick County, that would be a violation."

Defendant testified at the hearing and admitted that he had missed some scheduled appointments, although he stated it "didn't happen very many times." Defendant further admitted that he had pled guilty to the New Hanover County marijuana convictions alleged in the November 2012 report. Defendant claimed that the marijuana charges were based upon an incident in which defendant had marijuana in his pocket and had "a dollar bill with some marijuana in it."

On 5 December 2012, the trial court entered a judgment revoking defendant's probation and activating his suspended sentence. In its order, the court found that defendant had violated his probation based upon the allegations set out in the November 2012 report regarding the two New Hanover County marijuana convictions and the pending charge for DWLR in

Brunswick County.    Defendant timely filed written notice of appeal.

## Discussion

As an initial matter, we must address this Court's jurisdiction to hear this appeal.   Defendant did not give oral notice of appeal at the probation revocation hearing, but the record includes a timely filed pro se Columbus County Clerk of Superior Court form document that contains defendant's name and signature and the signature of the deputy clerk of superior court.    The form document states defendant gave "Notice of Appeal to the Superior Court in the case(s) of 07 CRS 53687."

This document does not comply with Rule 4 because it erroneously states that the appeal is to "Superior Court," it does not identify the judgment or order appealed from, and there is no indication in the record that the document was served on the State.    *See* N.C.R. App. P. 4(a)(2) (requiring service of written notice of appeal "upon all adverse parties within fourteen days after entry of the judgment or order"); N.C.R. App. P. 4(b) (providing written notice "shall designate the judgment or order from which appeal is taken and the court to which appeal is taken").

"[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal."

*State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). We, therefore, dismiss defendant's appeal for lack of jurisdiction. However, defendant has also filed a petition for writ of certiorari with this Court. Pursuant to Rule 21 of the Rules of Appellate Procedure, we exercise our discretion to grant defendant's petition for writ of certiorari and reach the merits of his appeal.

Defendant first contends that the trial court erred in revoking his probation because there was no competent evidence supporting the trial court's finding that defendant violated his probation by being convicted of the Class 1 misdemeanor offense of possession of more than one-half ounce but less than one and one-half ounces of marijuana as alleged in the November 2012 probation violation report. Defendant contends that the competent evidence showed only that he had been convicted of two Class 3 misdemeanor offenses of possession of up to one-half ounce of marijuana and that, under N.C. Gen. Stat. § 15A-1344(d), the court had no authority to revoke his probation solely for two convictions of Class 3 misdemeanors.

It is well established that when a trial court's findings that a defendant violated his probation are supported by competent evidence, we review the court's decision to revoke the defendant's probation for an abuse of discretion. *State v.*

*Young*, 190 N.C. App. 458, 459, 660 S.E.2d 574, 576 (2008). Here, defendant's probation required that he "[c]ommit no criminal offense in any jurisdiction." Generally, if the State proves a violation of a condition of probation, the trial court has authority to revoke the defendant's probation under N.C. Gen. Stat. § 15A-1344(a) and § 15A-1343(b)(1) (2013). However, as defendant points out, N.C. Gen. Stat. § 15A-1344(d) provides "probation may not be revoked solely for conviction of a Class 3 misdemeanor."

The State argues that under N.C. Gen. Stat. § 15A-1344(d), a court could revoke defendant's probation for commission of two or more Class 3 misdemeanors or for commission of a Class 3 misdemeanor *and* other probation violations that would not alone be sufficient for revocation. *See id.* (providing "probation may not be revoked *solely* for conviction of *a Class 3 misdemeanor*" (emphasis added)). However, since defendant admitted the convictions alleged in the November 2012 verified probation violation report, which included a conviction for a Class 1 misdemeanor, we need not address the State's contention.

At the hearing, defendant testified as follows:

> Q. As far as the allegations in regards to the new convictions [sic]. Now you -- originally when you were served with this probation violation, there was nothing on it about a conviction; is that correct?

A. No, when I was first served with the probation violation, no.

Q. And you were represented by Ms. Miller from New Hanover County, correct?

A. Yes, sir.

Q. *You don't deny that you were convicted of these two charges?*

A. *No.*

Q. Was it a trial or did you plead guilty?

A. *I guess I pled guilty to it.*

Q. What was the plea deal?

A. Repeat the question.

Q. What was the plea deal such that you pled guilty? Did you get probation or did you get time served?

A. It was time served.

. . . .

Q. And obviously *those convictions were not a part of your original violation [sic] they did an addendum to your violation report November 15th; is that correct?*

A. *Right.*

(Emphasis added.)

At the hearing, the probation officer referred to the 15 November 2012 report as an addendum to the August 2012 report, as defendant acknowledged. The 15 November 2012 report alleged two 18 October 2012 convictions: (1) a conviction for "POSS

MARIJUANA >1/2 TO 1 1/2 OZ" with an offense date of 9 August 2012; and (2) a conviction for "POSS MARIJUANA UP [TO] 1/2 OZ" with an offense date of 8 August 2012.  There were no other allegations of convictions contained in the 15 November 2012 report.  Thus, defendant's testimony that he did not deny being convicted of "these two charges," and that he "pled guilty to it," clearly references "those convictions" alleged in the "November 15th" violation report, including the conviction for possession of more than one-half ounce but less than one and one-half ounces of marijuana.

Defendant's admission constituted competent evidence that he committed the offense of possession of more than one-half ounce but less than one and one-half ounces of marijuana.  *See State v. Henderson*, 179 N.C. App. 191, 198, 632 S.E.2d 818, 822-23 (2006) ("In light of defendant's clear admission of violations of the conditions of his probation and the probation officer's testimony that he was personally aware of defendant's arrearage, competent evidence exists in the record to support revocation of defendant's probation.").  Possession of more than one-half ounce but less than one and one-half ounces of marijuana is a Class 1 misdemeanor.  *See* N.C. Gen. Stat. § 90-95(d)(4) (2013).

Because the trial court found that defendant violated his probation based upon the allegations in the November 2012 report and because those allegations -- admitted by defendant -- established that defendant had committed a Class 1 misdemeanor, the trial court's findings of fact support the trial court's revocation of defendant's probation.

Defendant further contends that Ms. Carter's testimony regarding the convictions and the allegations in the November 2012 verified probation violation report -- the State's other evidence of the convictions -- constituted hearsay and, thus, were not competent evidence to support the trial court's finding that defendant committed a Class 1 misdemeanor. Defendant further argues that, even if it was not hearsay, Ms. Carter's testimony at the hearing only showed that defendant had been convicted of, at most, two Class 3 misdemeanors for possession of up to one-half ounce of marijuana.

However, given defendant's admission of the Class 1 misdemeanor conviction alleged in the report, the verified report and Ms. Carter's testimony were merely cumulative and were not necessary to support the court's finding. *State v. Hewett*, 270 N.C. 348, 356, 154 S.E.2d 476, 482 (1967) (holding that although some of trial court's findings were improperly based upon hearsay, "there [was] enough competent evidence in

the record to support the judge's crucial findings of fact" that defendant violated his probation as concluded in order). *Compare State v. Pratt*, 21 N.C. App. 538, 541, 204 S.E.2d 906, 907 (1974) (holding that probation revocation was improper when only evidence that defendant violated probation by changing her residence was hearsay and "defendant and several witnesses presented by her testified that defendant had not changed her residence"). Therefore, even assuming, without deciding, that the challenged evidence was inadmissible, the record contained sufficient evidence to support the trial court's finding that defendant was convicted of a Class 1 misdemeanor.

Defendant next argues that the trial court could not properly revoke his probation based upon the violations alleged in the 1 August 2012 report: that defendant (1) failed to report to his probation officer as directed and (2) failed to pay monies owed to the clerk. Defendant reasons that all of the alleged violations in this case occurred after 1 December 2011 and, therefore, the trial court could only revoke defendant's probation under a limited set of circumstances as provided in the Justice Reinvestment Act. *See* N.C. Gen. Stat. § 15A-1344(a); 2011 N.C. Sess. Laws ch. 192, § 4(a)-(c) (effective December 1, 2011); 2011 N.C. Sess. Laws ch. 412, § 2.5 (effective December 1, 2011).

However, in its written order revoking defendant's probation, the trial court found only that defendant violated his probation based upon the allegations in the November 2012 report. The order does not mention the allegations in the August 2012 report as a basis for revoking defendant's probation.

Defendant points to the fact that, at the hearing, the court orally found that of "the violations alleged, each occurred." Nevertheless, the court went on to specifically find "[t]hat the allegations regarding the violations include commission of new offenses and convictions of the same while on probation." After specifically discussing defendant's violations based on the marijuana convictions, the court stated: "[T]he Court finds based upon the foregoing that his probation should be and the same is hereby ordered revoked."

Since the oral order of revocation immediately followed the court's comments regarding the convictions, it appears from the transcript that, as provided in the written order, the court was revoking defendant's probation based upon its findings that defendant was convicted of the marijuana offenses while on probation. Defendant concedes that the court could properly revoke his probation for commission of a criminal offense (greater than a Class 3 misdemeanor), and we have already upheld

the trial court's finding, based upon defendant's admission of an allegation in the November 2012 report, that defendant committed a Class 1 misdemeanor.

Consequently, the trial court revoked defendant's probation consistent with its limited revocation authority under the Justice Reinvestment Act. To the extent that the court also orally found defendant to have violated his probation based upon his failure to report as directed and failure to pay monies owed, the absence of findings on those matters in the written order does not impact the validity of the court's judgment, since revocation was proper based upon the court's findings that defendant committed the marijuana offenses.

Defendant also argues that the trial court erred in finding in its written order that defendant "violated" the condition of his probation that he commit no criminal offense based upon the allegation in the November 2012 report that defendant "HAS BEEN CHARGED WITH" DWLR "AND IF HE IS CONVICTED THEN [IT] WILL BE [A] VIOLATION[]." Defendant contends that the allegations in the verified report refer only to a pending charge, and that the only relevant evidence at the hearing, Ms. Carter's testimony, showed the charge was still pending and provided no independent evidence that defendant actually committed the offense.

"[A] revocation of suspension cannot be bottomed *solely* upon a pending criminal charge; a conviction or a plea of guilty is required." *State v. Causby*, 269 N.C. 747, 749, 153 S.E.2d 467, 469 (1967) (emphasis added). However, if the court receives competent evidence of the facts underlying a charged offense and, based upon that evidence, the court makes independent findings that the defendant committed the charged offense, the court may revoke a defendant's probation based upon those independent findings. *State v. Monroe*, 83 N.C. App. 143, 145, 349 S.E.2d 315, 317 (1986).

Ms. Carter's testimony at the hearing regarding the DWLR charge consisted of the following:

> Q. What other violations have been filed?
>
> A. The only other part for the addendum is that he has a pending charge and if he were convicted of driving while license revoked in Brunswick County, that would be a violation.
>
> Q. When was the -- that charge?
>
> A. February 21st of this year.

The verified report alleged only that defendant had been charged with DWLR and, if defendant was convicted, that charge would constitute a violation. There was no other evidence regarding the pending DWLR charge presented. Under *Causby* and *Monroe*, we agree with defendant that the trial court was not

presented with sufficient evidence to support its finding that defendant violated his probation based upon the allegations in the November 2012 report that he had a pending DWLR charge.

The State argues, however, that because the 15 November 2012 violation report did not actually allege that the DWLR charge was a violation and "the pending charge was never intended to be part of the basis for Defendant's revocation," the fact that the trial judge referenced the paragraph alleging the pending DWLR charge was "of no moment." We cannot agree.

The judgment revoking defendant's probation specifically states that "[t]he condition(s) violated and the facts of each violation are as set forth . . . in Paragraph(s) 1-2 of the Violation Report or Notice dated 11/07/2012[.]" Consequently, the judgment provides that paragraph 2 of the 15 November 2012 report is one of the bases for the probation revocation. In addition, the trial court *did not* check the box on the form that specifies that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence."

Therefore, the judgment does not permit us to conclude that the trial court would still have revoked defendant's probation in the absence of paragraph 2 of the 15 November 2012 report. We must, therefore, reverse the judgment revoking defendant's

probation and remand for a determination whether the violation in paragraph 1 of the 15 November 2012 report is a sufficient basis upon which to revoke defendant's probation.

Reversed and remanded.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).