An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1183

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.

DEZMOND HARDISON SHINE

Person County
Nos. 13 CRS 329-30

Appeal by defendant from judgments entered 14 June 2013 by Judge W. Osmond Smith, III, in Person County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Associate Attorney General Christopher McLennan, for the State.*
>
> *Sue Genrich Berry for defendant-appellant.*

ELMORE, Judge.

Defendant appeals from judgments entered upon revocation of his probation. Because the trial court entered the necessary findings of fact in support of revocation, we affirm.

Defendant pled guilty to four counts of sale of cocaine on 22 March 2012. The trial court sentenced defendant to two consecutive prison terms of ten to twelve months each,

suspended, and placed defendant on supervised probation for thirty-six months.

Violation reports filed on 18 March 2013 charged defendant with violating multiple conditions of his probation, including the regular condition that he "[c]ommit no criminal offense in any jurisdiction." N.C. Gen. Stat. § 15A-1343(b)(1) (2013). Specifically, the reports alleged that defendant committed the crimes of (1) possession with intent to manufacture, sell, or deliver ("PWIMSD") a Schedule II controlled substance, and (2) maintaining a vehicle, dwelling, or place for keeping or selling a controlled substance on 5 March 2013, and that the "CHARGES ARE PENDING . . . IN PERSON COUNTY DISTRICT COURT."

At defendant's revocation hearing, Roxboro Police Officer Ryan Ford testified that he stopped a car driven by defendant on the afternoon of 5 March 2013. The passenger seated in the front seat had an open container of alcohol. Defendant told the officer that the car "was leased to his girlfriend from Enterprise." Officer Ford stated during the hearing that "when I asked him if there was anything in the trunk, [defendant] immediately . . . became nervous, and he actually approached the trunk, and . . . said there was nothing in there[.]" Officer Ford searched the trunk and found "25 individual packaged

baggies of crack cocaine." Defendant acknowledged that he did not have a driver's license but disavowed any knowledge of the cocaine.

At the conclusion of the hearing, the trial court announced as follows:

> The Court finds the defendant violated the valid conditions of his probation as alleged in each case. With regard to paragraph number six in one case and f[our] in the other case, the Court finds he committed the crime of possession with intent to sell and deliver a Schedule II controlled substance. I do not find, I'm not reasonably satisfied he violated the crime of maintaining a vehicle to violate the laws.

Based on this finding, the trial court revoked defendant's probation and activated the sentences as originally imposed. The trial court credited defendant with the forty-nine days of prior confinement. Defendant gave notice of appeal in open court.

Defendant claims that the trial court erred in revoking his probation for commission of a new criminal offense without making proper findings of fact to support the revocation. He notes that, because he had not been convicted of the pending charges alleged in the violation reports, the trial court was required to make an independent determination that he had committed a new offense in violation of N.C. Gen. Stat. § 15A-

1343(b)(1). Defendant contends that the trial "court fail[ed] to find facts to support an independent judgment of revocation[.]"

Initially, we note that defendant committed his alleged probation violations subsequent to the 1 December 2011 effective date of the Justice Reinvestment Act of 2011 ("JRA"). *See* 2011 N.C. Sess. Laws 192, § 4.(d); 2011 N.C. Sess. Laws 412, § 2.5. "[F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1); (2) absconds supervision in violation of N.C. Gen. Stat. § 15A-1343(b)(3a); or (3) violates any condition of probation after serving two prior periods of [confinement in response to violation] under N.C. Gen. Stat. § 15A-1344(d2)." *State v. Nolen*, __ N.C. App. __, __, 743 S.E.2d 729, 730 (2013) (citing N.C. Gen. Stat. § 15A-1344(a) (2013)). Therefore, although the trial court found additional violations alleged by the probation officer, we confine our review to the violation that resulted in revocation – defendant's commission of a new crime in violation of N.C. Gen. Stat. § 15A-1343(b)(1).

In order to revoke probation, "[a]ll that is required is

that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." *State v. White*, 129 N.C. App. 52, 58, 496 S.E.2d 842, 846 (1998), *aff'd in part, disc. review improvidently allowed in part*, 350 N.C. 302, 512 S.E.2d 424 (1999). The trial court is required to make findings of fact pursuant to N.C. Gen. Stat. § 15A-1345(e)(2013). "The findings of fact by the judge must show he exercised his discretion to that effect." *State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E.2d 423, 426 (1983) (citation omitted). Moreover, "[t]he minimum requirements of due process in a final probation revocation hearing" require written "findings of fact as to the evidence relied on" and the "reasons for revoking probation." *Id.* at 533-34, 301 S.E.2d at 425.

We find no merit to defendant's position. The judgments entered by the trial court incorporate the contents of the sworn violation reports and include findings "that the defendant violated each of the conditions of [his] probation as set forth" in the reports' numbered paragraphs, and that he did so "willfully and without valid excuse[.]" *See generally State v. Duncan*, 270 N.C. 241, 246, 154 S.E.2d 53, 58 (1967) (deeming the

verified violation report to be competent evidence of probation violations). Regarding the allegation that defendant violated N.C. Gen. Stat. § 15A-1343(b)(1) by committing the new offenses of PWIMSD a Schedule II controlled substance and maintaining a vehicle for keeping or selling a controlled substance, the judgments specify that the trial court did "NOT FIND DEFENDANT WILLFUL[] OF MAINTAINING A VEHICLE[.]" Finally, the trial court found that it was authorized to "revoke defendant's probation for the willful violation of the condition[] that he[] not commit any criminal offense, G.S. 15A-1343(b)(1)[.]" These findings fully support revocation under N.C. Gen. Stat. § 15A-1344(a). *State v. Henderson*, 179 N.C. App. 191, 197, 632 S.E.2d 818, 822 (2006); *State v. Monroe*, 83 N.C. App. 143, 146, 349 S.E.2d 315, 317 (1986).

Although not designated as a separate argument in his appellate brief, defendant also suggests that the evidence was insufficient to support a finding by the trial court that he possessed the cocaine found in the car's trunk by Officer Ford. We do not agree. Given the minimal proof standard that prevails at a revocation hearing, the sworn violation reports filed by the probation officer and Officer Ford's hearing testimony were more than adequate to support the trial court's findings. *See*

*State v. Tisdale*, 153 N.C. App. 294, 298, 569 S.E.2d 680, 682 (2002) ("[W]here contraband material is found in a vehicle under the control of an accused, even though the accused is the borrower of the vehicle, this fact is sufficient to give rise to an inference of knowledge and possession which *may* be sufficient to carry the case to the jury.") (citations and quotation marks omitted); *see also Duncan*, 270 N.C. at 246, 154 S.E.2d at 58.

Affirmed.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).