BRYANT, Judge.
Where the trial court could determine from the testimony presented that defendant had committed a new offense, such that defendant had violated the terms of his probation, the trial court did not err in revoking defendant's probation.
On 30 January 2013, defendant Martin Edward Stack Coleman pled guilty to one count each of possession with intent to manufacture, sell or distribute a Schedule II controlled substance, and selling a Schedule II controlled substance. Defendant was sentenced to serve 11 to 14 months for possession and 19 to 23 months for selling, the sentences to run consecutively. The trial court then suspended both sentences and placed defendant on 36 months supervised probation.
On 6 September 2013, a probation violation report, 13 CRS 243, was filed against defendant. The report alleged that defendant had violated the terms of his probation by failing to report for visits with his probation officer, being in arrears on his court and supervision fees, avoiding supervision by not keeping a current address, failing to show proof of employment to his probation officer, for having outstanding warrants for assault on a female and communicating threats in Alexander County, and for having a pending court date in Iredell County for driving while license revoked. A second probation violation report, 13 CRS 244, was filed that same day against defendant alleging four of the six violations also listed in the first probation violation report, including the allegations that defendant "has outstanding warrants for assault of [a] female [and] communicating threats," and that defendant has a pending court date for driving while license revoked.
On 25 June 2014, the trial court conducted a hearing on defendant's probation violation allegations, the Honorable Julia S. Gullett, Judge presiding. At the hearing, defendant admitted being in willful violation of the terms of his probation, and waived a formal presentation of evidence. After hearing testimony from defendant's probation officer and defendant, the trial court found defendant to be in violation of his probation and activated defendant's sentences of 11 to 14 months, and 19 to 23 months, to be served consecutively. Defendant appeals.
On appeal, defendant argues that the trial court erred in revoking his probation. We disagree.
"[A]n alleged violation of a probationary condition need not be proven beyond a reasonable doubt." State v. Hill,132 N.C.App. 209, 211, 510 S.E.2d 413, 414 (1999) (citation and quotation omitted). "All that is required is that the evidence be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation." State v. White,129 N.C.App. 52, 58, 496 S.E.2d 842, 846 (1998). "Any violation of a valid condition of probation is sufficient to revoke [a] defendant's probation."State v. Tozzi,84 N.C.App. 517, 521, 353 S.E.2d 250, 253 (1987) (citation omitted). "In determining whether the evidence warrants the revocation of a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony, are for the judge." State v. Robinson,248 N.C. 282, 286, 103 S.E.2d 376, 379 (1958) (citations omitted).
Defendant contends the trial court erred in revoking his probation because the trial court did so for both valid and invalid reasons. Specifically, defendant argues that the trial court erred by failing to check the fourth box in the findings section of each judgment and commitment form indicating that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence." Defendant's argument is without merit.
In its judgments revoking defendant's probation, the trial court indicated that defendant waived a hearing and admitted to the violations set forth in each of the two probation violation reports. Pursuant to the Justice Reinvestment Act, for probation violations occurring on or after 1 December 2011, a trial court may only revoke probation where the defendant: "(1) commits a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of [confinement resulting from violations] under N.C. Gen.Stat. § 15A-1344(d2)." State v. Nolen,--- N.C.App. ----, ----, 743 S.E.2d 729, 730 (2013) (citing N.C. Gen.Stat. § 15A-1344(a) (2011) ). As defendant had not violated any condition of his probation after serving two prior confinement periods, nor, as conceded by the State, had defendant absconded, the only valid grounds upon which defendant's probation could be revoked would be for the commission of a new crime.
On each of defendant's probation violation reports it was alleged that defendant had a pending charge for driving while license revoked in Iredell County. When a defendant currently serving probation has incurred a pending charge alleging the commission of a new offense, the trial court may revoke defendant's probation if it independently finds defendant did in fact commit that pending, new offense. State v. Lee,--- N.C.App. ----, ----, 753 S.E.2d 721, 723 (2014) (citing State v. Monroe,83 N.C.App. 143, 145-46, 349 S.E.2d 315, 317 (1986), and State v. Debnam,23 N.C.App. 478, 480-81, 209 S.E.2d 409, 410-11 (1974) ).
Here, there was evidence before the trial court that at the time the probation violation reports were filed, defendant had a pending charge for driving while license revoked in Iredell County. Defendant himself stated to the trial court that the charge was still pending, adding that "They said pay the driving speeding ticket, [and my] license [will be] reinstated and [the ticket] will be dismissed." This is sufficient to support the trial court's finding that defendant had committed the offense of driving while license revoked, and that defendant's probation should be revoked as a result. See Monroe,83 N.C.App. at 145-46, 349 S.E.2d at 317 ("In support of his argument [that his probation could not be revoked for a pending offense] [the] defendant cites State v. Causby,269 N.C. 747, 153 S.E.2d 467 (1967), which states that when a defendant is acquitted of a criminal charge or such a charge is pending then that charge cannot be the single basis for revoking probation and activating a suspended sentence. It is not shown in the record whether the violations of probation by the defendant in this case have been adjudicated as criminal charges or not. However, it is irrelevant in the case sub judicewhere the judge upon revoking [the] defendant's probation made independent findings of his own as to the commission of these crimes. The judge did not base his holding of revocation solely upon pending criminal charges. In the case at bar, the judge heard testimony from four witnesses, including the defendant himself. By making his own independent findings the judge concluded that [the] defendant had violated a certain condition of his probation. This the judge is fully authorized to do. (citation omitted)); Robinson,248 N.C. at 286, 103 S.E.2d at 379. As required by the Justice Reinvestment Act, the trial court properly checked the fifth box on each of the judgment and commitment forms which states that "The Court may revoke defendant's probation: ... for the willful violation[s] of the condition(s) that he/she not commit any criminal offense[.]"[1] As such, the trial court did not err in revoking defendant's probation. Defendant's argument is, therefore, overruled.
AFFIRMED.
Chief Judge McGEE and Judge STEELMAN concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 25 June 2014 by Judge Julia S. Gullett in Alexander County Superior Court. Heard in the Court of Appeals 2 March 2015.

At the time defendant committed the offense of driving while license revoked, this offense was considered a Class 1 misdemeanor and, as such, could serve as the basis for revocation of probation. See N.C. Gen.Stat. § 20-28(a) (2011). We note that, based upon the change to N.C.G.S. § 20-28(a) in 2014-that was not in effect and applicable to the instant case-absent extenuating circumstances (i.e., license revocation based upon the offense of driving while intoxicated), the offense of driving while license revoked is now considered a Class 3 misdemeanor and, therefore, can no longer serve as a basis for revocation of probation. See id. § 20-28(a) (2013).